IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LUCOLIA JANEKA MAYFIELD,
        Petitioner,

v.                                                         Civil Action No. 3:19-cv-691

HAROLD W. CLARKE, Director,
Department of Corrections,
        Respondent.

## OPINION

Lucolia Janeka Mayfield filed a petition pursuant to 28 U.S.C. § 2254, challenging her conviction in the Circuit Court of the City of Petersburg, Virginia (the "Circuit Court"). Mayfield asserts one claim of ineffective assistance of counsel, alleging that counsel failed to provide adequate advice regarding the plea offer. The respondent, Harold W. Clarke, Director of the Virginia Department of Corrections, has moved to dismiss the § 2254 petition. Because Mayfield cannot show that her trial counsel's actions constituted ineffective assistance, and because the state court reasonably applied clearly established federal law, the Court will grant the motion to dismiss.

## I. BACKGROUND

### A. Facts

On July 2, 2013, Capri Jones drove a vehicle in which Amy Dance, Dakisha Key, and Tequanna Williams were passengers. When Jones stopped at a stoplight, a silver van pulled up to Jones' left. Mayfield, sitting in the front passenger seat of the van, asked Jones to roll down her window and pull over. When the women asked Mayfield if they knew her, Mayfield replied, "no, but I want you. I have something for you." (Dk. No. 1, at 5.) Mayfield yelled, "I have something for you," as she raised her body out of the passenger window. (*Id.*)

When the light turned green, the van began following Jones' vehicle, and a high-speed chase ensued. A male voice from the van yelled, "I tried to spare you bitches." (*Id.* at 6.) Dance heard ten gunshots and saw Mayfield hanging out of the van firing a gun. Key was wounded by a gunshot, and bullets hit three of Jones' tires. Dance, Williams, and Key saw Mayfield firing a gun.

### B. Plea Offer

Mayfield claims that her trial counsel provided inadequate advice regarding a potential plea agreement. Mayfield's trial counsel, however, asserted that "Mayfield had never taken any position other than she wanted a trial and she was innocent. I don't recall her ever asking for, or even mentioning a plea." (Dk. No. 7, at 8.)

Nonetheless, on or around April 11, 2014, the Commonwealth's attorney offered a plea.[1] Mayfield claims that the plea offer was for 8-10 years. Neither Mayfield's trial counsel nor the Commonwealth's attorney recall that the plea offer was for a specific amount of time. The Commonwealth's attorney could not find evidence of such a plea offer and stated that "[g]iven the severity of the facts, I doubt I would have done this." (*Id.* at 9.)

On April 12, 2014, Mayfield's trial counsel discussed the plea offer with her. He "went over the plea and the pros and cons of acceptance versus rejection." (*Id.* at 8.) Additionally, although Mayfield "disputed the Commonwealth's evidence and protested her innocence," Mayfield's trial counsel advised Mayfield that the plea offer was a good deal. (*Id.*)

### C. State Court Proceedings

On April 16, 2014, a jury convicted Mayfield of four counts of use of a firearm in the commission of a felony, two counts of attempted malicious wounding, two counts of malicious

---

[1] The Commonwealth's attorney does not recall making a plea offer. In any event, it does not affect the Court's analysis.

2

wounding, and one count of maliciously shooting or throwing a missile at a vehicle. *Mayfield v. Commonwealth*, Nos. CR13-1027-CR13-1031, CR13-1059-CR13-1064 (Va. Cir. Ct. Apr. 16, 2014). At trial, Mayfield "told the [Circuit] Court that she understood the charges, had discussed defenses with her attorney, had discussed the sentencing guidelines, had discussed the advisability of a trial by jury or by the Court[,] was pleading not guilty freely and voluntarily[,] and was satisfied with her attorney." (Dk. No. 7-5, at 7.)

On July 29, 2014, the Circuit Court sentenced Mayfield to twenty-five years imprisonment. *Mayfield v. Commonwealth*, Nos. CR13-1027-CR13-1031, CR13-1059-CR13-1064 (Va. Cir. Ct. July 29, 2014). On direct appeal, the Court of Appeals of Virginia denied Mayfield's appeal, *Mayfield v. Commonwealth*, No. 1434-14-2 (Va. Ct. App. Aug. 3, 2015), and the Supreme Court of Virginia refused her petition for appeal, *Mayfield v. Commonwealth*, No. 151815 (Va. 2016).

Mayfield then filed a state habeas petition in the Circuit Court, raising one claim of ineffective assistance of counsel:

> [c]ounsel failed to provide adequate, candid[,] and correct advice regarding a plea offer. Specifically, [s]he alleges counsel should have advised the petitioner, (1) the evidence was overwhelming; (2) there was no evidence from the defense or elsewhere that would cause doubt regarding the video or the testimony from the occupants of the car; [and] (3) the alleged defense in the case was unconvincing and irrelevant.

(Dk. No. 7-5, at 2.) The Circuit Court dismissed the habeas petition without holding an evidentiary hearing,[2] concluding that Mayfield failed to satisfy either prong of the *Strickland* test. (*Id.* at 4-7.) Mayfield appealed the Circuit Court's decision to the Supreme Court of Virginia and raised two

---

[2] Under Virginia law, a petitioner must present sufficient facts to support a claim of ineffective assistance of counsel in the pleading. *Sigmon v. Dir. Of the Dep't of Corr.*, 2 739 S.E.2d 905, 909 (Va. 2013). Further, "[a] state habeas court need not hold an evidentiary hearing in every case to make reasonable fact determinations." *Gray v. Zook*, 806 F.3d 783, 792 (4th Cir. 2015).

3

claims: (1) that the Circuit Court erred in refusing to grant an evidentiary hearing, and (2) that the Circuit Court erred in ruling that trial counsel's performance was not deficient and there was no prejudice under *Strickland*. (Dk. No. 7-6, at 8.) The Supreme Court of Virginia refused the petition for appeal by order. *Mayfield v. Commonwealth*, No. 181464 (Va. 2019). Mayfield then filed this federal petition for a writ of habeas corpus, raising the same claim that she raised in her state habeas petition.

## II. DISCUSSION

### A. Legal Standard

#### 1. Habeas Relief

To obtain federal habeas relief, a petitioner must demonstrate that "[s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") further circumscribes the Court's authority to grant relief by way of a writ of habeas corpus. *See* 28 U.S.C. § 2254. Under the AEDPA, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A district court's review of the state court's factual findings is purposefully narrow. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (holding that a district court's review under § 2254(d) is limited to the evidentiary record before the state court because "[i]t would be contrary to [AEDPA's] purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*").

Additionally, a federal court may not grant habeas relief with respect to any claim that the state court adjudicated on the merits unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Appleby v. Warden*, 595 F.3d 532, 535 (4th Cir. 2010). "[T]o obtain federal habeas relief, 'a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in the existing law beyond any possibility for fair-minded disagreement.'" *Jackson v. Kelly*, 650 F.3d 477, 492 (4th Cir. 2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101. By design, this highly deferential standard is "difficult to meet," and governs this Court's review of all legal determinations made on the merits by state habeas courts. *Id.* at 102.

Federal courts afford special deference in habeas cases raising ineffective assistance of counsel claims. Indeed, a "state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.

### 2. *Ineffective Assistance of Counsel*

To demonstrate ineffective assistance of counsel, a petitioner must show (1) that counsel's representation was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong, the petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall

'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

When a petitioner asserts prejudice during the plea-bargaining process, the petitioner must show "that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). Additionally, the petitioner must show "that but for the ineffective assistance of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)" and "that the court would have accepted its terms." *Id.*

A petitioner in a § 2254(d) proceeding faces an even higher burden to establish that a state court unreasonably applied *Strickland*. *See Harrington*, 562 U.S. at 105. Both *Strickland*'s standards and § 2254(d) are "highly deferential," *Strickland*, 466 U.S. at 689, and when a petitioner invokes both, review is "doubly deferential." *Harrington*, 562 U.S. at 105 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Accordingly, when both standards apply, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

### B. Analysis

Here, Mayfield presents the same claim of ineffective assistance of counsel that she presented in her state habeas petition. She asserts that counsel provided inadequate advice

regarding the government's plea offer. Specifically, she alleges that counsel should have told her during plea negotiations (1) that the evidence was overwhelming, (2) that there was no evidence that would contradict the witnesses' testimony and the video evidence, and (3) that "[t]he alleged defense in the case was unconvincing and/or irrelevant." (Dk. No. 1, at 10-11.) The Circuit Court reviewed this claim and held that Mayfield failed to satisfy either prong of the *Strickland* test.

First, the Circuit Court concluded that Mayfield failed to show that her trial counsel's assistance fell below an objective standard of reasonableness. The Circuit Court held that Mayfield's trial counsel fulfilled his constitutional obligations when he "correctly advised [Mayfield] that the plea offer was a good option" and "discussed the pros and cons" of accepting the plea offer with her. (Dk. No. 7-5, at 6. (internal quotation marks omitted)). Moreover, because Mayfield had consistently asserted her innocence and demanded a trial, Mayfield's trial counsel did not need to take "extraordinary steps" to persuade her to accept the plea. *Jackson v. United States*, 638 F. Supp. 2d 514, 580 (W.D. N.C. 2009). Mayfield's dissatisfaction with her trial counsel's performance fails to show that her trial counsel's performance was deficient. Indeed, "effective trial counsel cannot always produce a victory for the defendant." *Lawrence v. Branker*, 517 F.3d 700, 716 (4th Cir. 2008).

Second, the Circuit Court concluded that Mayfield failed to show that prejudice resulted from her trial counsel's performance. In reaching this conclusion, the Circuit Court found that Mayfield could not establish the terms of the plea offer. Although the Circuit Court did not hold an evidentiary hearing, the Circuit Court reasonably found that Mayfield failed to establish the terms of the plea offer because "neither defense counsel nor the Commonwealth's attorney" remembered "an offer for a specific period of time." (Dk. No. 7-5, at 6.) Thus, the Circuit Court made a reasonable determination and did not err in failing to hold an evidentiary hearing. *See*

*Gray*, 806 F.3d at 792. Moreover, because Mayfield could not establish the exact terms of the plea offer, the Circuit Court reasonably found that she could not establish that "the sentence under the offer's terms would have been less severe than the actual judgment and sentence imposed." (Dk. No. 7-5, at 5.); *see Lafler*, 566 U.S. at 162-70.

Further, the Circuit Court concluded that Mayfield could not show "that, but for erroneous advice, [Mayfield] would have accepted the plea." (Dk. No. 7-5, at 7.) In reaching this conclusion, the Circuit Court explained that Mayfield told the Circuit Court that she "understood the charges, had discussed defenses with her attorney, had discussed the sentencing guidelines, had discussed the advisability of a trial by jury or by the Court[,] was pleading not guilty freely and voluntarily[,] and was satisfied with her attorney." (*Id.*) Mayfield's statement to the Circuit Court, therefore, contradicts the claim raised in her state habeas petition. Additionally, the allegations in Mayfield's state habeas petition conflict with Mayfield's trial counsel's assertion that Mayfield never wavered in demanding a trial and professing her innocence. Thus, the Circuit Court reasonably determined that Mayfield could not show that but for counsel's advice, she would have accepted the plea. *See Lafler*, 566 U.S. at 164.

Finally, the Circuit Court found that Mayfield "presented no evidence that the [Circuit] Court would have accepted the plea." (Dk. No. 7-5, at 7.) Indeed, because Mayfield failed to establish the terms of the plea offer, she failed to show "that the court would have accepted [the plea offer's] terms." *See Lafler*, 566 U.S. at 164. Mayfield, therefore, cannot show that prejudice resulted from her counsel's performance.

Thus, the Circuit Court correctly applied clearly established federal law and made reasonable determinations of fact in light of the evidence presented. *See* 28 U.S.C. § 2254(d). The Court, therefore, will dismiss Mayfield's claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Clarke's motion to dismiss and will deny Mayfield's § 2254 petition.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A judge will not issue a COA unless a petitioner makes a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No facts or law suggest that Mayfield is entitled to further consideration in this matter. Thus, the Court will deny a COA.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 2 September 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

9